UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMWARI and SHAMWARI 2, | 1:26-cv-03926-JPC |
| *Plaintiffs*, | |
| -against- | |
| LETITIA JAMES, in her official capacity as the Attorney General of the State of New York, | |
| *Defendant*. | |

## MOTION BY PLAINTIFFS TO PROCEED PSEUDONYMOUSLY

Permission for a party to be pseudonymous is determined by "a list of non-exhaustive factors,"

*United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) (citation and quotation marks omitted):

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (citation and quotation marks omitted). All but the third and fourth factors favor pseudonymity:

**(1)** **whether the litigation involves matters that are highly sensitive and of a personal nature**

Because this action concerns Plaintiff Shamwari 2's listening to speech by Plaintiff Shamwari that is intended to benefit Shamwari 2 by constituting the practicing of psychology under New York law, and because the pubic would likely be able to discern the identity of Shamwari 2 if the public were to know the identity of Shamwari, this factor favors pseudonymity.

**(2)** **whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent non-parties**

Because many members of a profession jealously regard the monopoly they have to engage in their practice, as that monopoly maintains non-market pricing, Shamwari and Shamwari 2, should either seek treatment from a person who holds the type of license that this case concerns, would likely face prejudice or a refusal of treatment. Therefore, this factor favors pseudonymity.

**(3)** **whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity**

This factor does not favor pseudonymity.

**(4)** **whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age**

This factor does not favor pseudonymity.

**(5)** **whether the suit is challenging the actions of the government or that of private parties**

Because this action is challenging the actions of the government, this factor favors pseudonymity. *See O.G. v. Francis*, No. 25-cv-08977, 2025 WL 3110470, *1 (S.D.N.Y. Nov. 5, 2025).

**[continued on next page]**

2

**(6)     whether the defendant is prejudiced by allowing the plaintiff
to press his claims anonymously, whether the nature of that
prejudice (if any) differs at any particular stage of the litigation,
and whether any prejudice can be mitigated by the district court**

There is no reason to believe that Defendant would be prejudiced by allowing Plaintiffs to

proceed pseudonymously. Therefore, this factor favors pseudonymity.

**(7)     whether the plaintiff's identity has
thus far been kept confidential**

Because Plaintiffs' identities have thus far been kept confidential, this factor favors

pseudonymity.

**(8)     whether the public's interest in the litigation is furthered
by requiring the plaintiff to disclose his identity**

Although the public has an interest in the issues that this action raises, the satisfaction of that

interest does not depend upon the public's knowledge of the identity of Plaintiffs. Therefore, this

factor favors pseudonymity.

**(9)     whether, because of the purely legal nature of the
issues presented or otherwise, there is an atypically
weak public interest in knowing the litigants' identities**

Because the issues that this action raises are purely legal, there is an atypically weak public

interest in knowing the plaintiffs' identities. Therefore, this factor favors pseudonymity.

**(10)    whether there are any alternative mechanisms
for protecting the confidentiality of the plaintiff**

Because there do not appear to be any alternative mechanisms for protecting the

confidentiality of Plaintiffs, this factor favors pseudonymity.

**[continued on next page]**

3

**CONCLUSION**

Plaintiffs respectfully request that this Court permit Plaintiffs to proceed pseudonymously, and grant, to Plaintiffs, any further relief that is just and proper.

Dated: May 12, 2026

Respectfully submitted,

  s/ *Todd C. Bank*
TODD C. BANK,
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiffs*

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)

I hereby certify that this memorandum of law contains 747 words.

Dated: May 12, 2026

                                    *s/ Todd C. Bank*
                                    Todd C. Bank