USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMWARI, et al.,

                                    Plaintiffs,

                    -against-

LETITIA JAMES.,

                                    Defendant.

26-CV-3926 (JPC) (KHP)

**OPINION & ORDER
ON
MOTION TO PROCEED UNDER A
PSEUDONYM**

**KATHARINE H. PARKER, United States Magistrate Judge.**

This First Amendment case concerns Plaintiffs' allegation that Chapter 16, Title VIII, Article 153, Section 7601 of the New York Education Law, stating that only licensed individuals may practice psychology and use the title "psychologist," violates the First Amendment. Plaintiffs have now moved to proceed under pseudonyms instead of their own names.

**LEGAL STANDARD**

"[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).  The Second Circuit has set forth a non-exhaustive list of ten factors to consider when determining whether a plaintiff should be permitted to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008).  These factors include:

- Whether the case involves matters that are highly sensitive and of a personal nature;
- Whether disclosure poses a risk of retaliatory physical or mental harm to the litigant or innocent non-parties;
- Whether the disclosure prevents other harms and the likely severity of those harms;
- Whether the plaintiff is particularly vulnerable to possible harms of disclosure in light of the plaintiff's age;

1

- Whether the action involves a challenge to a government or private party action;
- Whether the defendant would be prejudiced if the plaintiff is permitted to proceed under a pseudonym;
- Whether the plaintiff has maintained their identity as confidential throughout the proceedings;
- Whether the public's interest is furthered by disclosure of the plaintiff's identity in light of the issues in the case; and
- Whether there is an alternative mechanism to protect the plaintiff's confidentiality.

*Id.*

**DISCUSSION**

After considering all the factors, the Court finds that the motion should be DENIED. Indeed, courts have recognized that the mere potential for reputational harm does not justify granting a plaintiff anonymity. *Doe v. Intel Corp.*, No. 24 Civ. 6117, 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22, 2024) (noting that pseudonymity is generally only granted in extreme cases when the potential alleged harm presented is embarrassment or humiliation); *see also Abdel-Razeq v. Alvarez & Marsal, Inc.,* No. 14 Civ. 5601, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.").  Although Plaintiffs allege that the suit here concerns the practice of psychology, which can be sensitive, Plaintiffs do not allege any facts that indicate that the litigation would involve matters of a highly sensitive and personal nature. (ECF No. 11, at 2). Furthermore, Plaintiffs merely allege that Shamwari 2's identity would be discernable. *Id*. *Compare Grow Universe Inc. v. Doe*, No. 25 Civ. 186, 2026 WL 412637, at *3 (S.D.N.Y. Feb. 13, 2026) (finding that "allegations that carry 'the potential for embarrassment or public humiliation do [] not, without more justify a request for anonymity" (quoting *Doe v. Skylines Autos. Inc*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (alteration in original))*, with Doe v. Weinstein*, 484 F. Supp. 3d 90, 93–94 (S.D.N.Y. 2020) (finding that a plaintiff's allegations of

2

sexual assault were "highly sensitive and of a personal nature"). Thus, this factor weighs against granting the motion.

Next, Plaintiffs' claim that they would be subject to prejudice from the target industry is speculative. *See Weinstein,* 484 F. Supp. 3d at 94–95 ("[P]laintiffs must base their allegations . . . on more than just mere speculation."). Plaintiffs contend that because members of the target profession—the licensed practice of psychology—"jealously regard the monopoly they have," Plaintiffs "would likely face prejudice or refusal of treatment," if they were to seek treatment from a licensed professional. (ECF No. 11, at 2). But this contention is conclusory and unsupported by any specific facts. *Id.* Moreover, evidence of embarrassment or social stigmatization or economic harm does not generally warrant granting a plaintiff anonymity, particularly when Plaintiffs here do not provide any factual support for fearing such harm. *See Doe v. Townes*, No. 19 Civ. 8034, 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). Thus, the second factor weighs against granting anonymity. Because Plaintiffs do not allege that other harms could be incurred and do not allege that their age exposes them to particular vulnerability, the third and fourth factors also do not weigh in favor of granting anonymity. (ECF No. 11, at 2).

As to the fifth and sixth factors, because Plaintiffs are challenging actions by the State of New York, the fifth factor does weigh in favor of Plaintiffs. *Id.*; *Doe 1 v. United States*, 732 F. Supp. 3d 291, 298 (S.D.N.Y. 2024) (finding that the fifth factor weighed in favor of the movant when they were bringing a suit against the United States). However, the sixth factor does not weigh in favor of Plaintiffs, because Plaintiffs merely provide a conclusory statement that "[t]here is no reason to believe that Defendant would be prejudiced by allowing Plaintiffs to

proceed" under a pseudonym. (ECF No. 11, at 3).  Such a conclusion, without supporting facts,

runs counter to the public's right to access. *Doe 1*, 732 F. Supp. 3d at 299 (citing *Michael v.

Bloomberg L.P.*, 14 Civ. 2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2025)).  Further, because

the action was initiated on May 1, 2026, and the Complaint was filed with Plaintiffs'

pseudonyms, the seventh factor is not relevant here and does not weigh in Plaintiffs' favor. (ECF

No. 1).

The Court balances the next two factors to determine whether the public interest in the

litigation favors disclosure of Plaintiffs' identities. *See Sealed Plaintiff*, 537 F.3d at 190.  The

public has a significant interest in learning the details of free speech cases, particularly as they

relate to professions that require licensure. The medical practice of psychology is a serious

matter, and the public and the courts have an interest in ensuring the laws are enforced and

consistent with the foundational right of free speech.  Here, Plaintiffs merely state that the

public's interest in this action does "not depend upon the public's knowledge of the identity of

Plaintiffs." (ECF No.  11, at 3).  Plaintiffs have not asserted any grounds by which this

dependence does not exist and, further, affirm the public's interest in knowing the details of the

issues raised in this action. *Id.*

The last factor relates to whether there are mechanisms to protect Plaintiffs'

confidentiality.  In this case, Plaintiffs have not sought any form of protective order, which they

can.  Such orders have been found to be more than sufficient to protect a plaintiff's privacy.

*See, e.g.*, *Townes*, 2020 WL 2395159, at *6; *Doe v. Combs*, No. 24 Civ. 7777, 2025 WL 722790, at

*4 (S.D.N.Y. Mar. 6, 2025).  Therefore, this factor weighs against granting anonymity because

4

Plaintiffs' allegation that "there do not appear to be any alternative mechanisms" is incorrect and conclusory. (ECF No. 11, at 3).

**CONCLUSION**

For the above reasons, the motion to proceed under a pseudonym is DENIED.

**SO ORDERED.**

DATED:        New York, New York
             May 13, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge