UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMWARI and SHAMWARI 2,<br><br>*Plaintiffs*,<br><br>-against-<br><br>LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,<br><br>*Defendant*. | 1:26-cv-03926-JPC |

**PLAINTIFFS' OBJECTION, PURSUANT TO RULE 72(a) OF
THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S.C.
SECTION 636(b)(1)(A), TO THE ORDER DATED MAY 13, 2026,
DENYING PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**

The *Opinion & Order on Motion to Proceed Under a Pseudonym*, dated May 13, 2026 (Doc. 14; the "Order"), to which Plaintiffs object, states: "Plaintiffs do not allege any facts that indicate that the litigation would involve matters of a highly sensitive and personal nature. Furthermore, Plaintiffs merely allege that Shamwari 2's identity would be discernable." *Id.* at 2. First, Plaintiffs' point regarding the discerning of Shamwari 2's identity was separate from Plaintiffs' discussion of Shamwari 2's harm if he could not proceed pseudonymously. That point was that "the pubic would likely be able to discern the identity of Shamwari 2 if the public were to know the identity of Shamwari." *Motion by Plaintiffs to Proceed Pseudonymously* (Doc. 11; the "Motion") at 2. Second, this point was preceded by the discussion of harm that would be caused by the disclosure of Shamwari 2's identity: "[b]ecause this action concerns Plaintiff Shamwari 2's listening to speech by Plaintiff Shamwari that is intended to benefit Shamwari 2 by constituting the practicing of psychology under New York law . . . th[e] factor . . . [of] whether the litigation involves matters that are highly sensitive and of a personal nature . . . favors pseudonymity," *id.*; that is, Shamwari's 2 desire to consult with Shamwari in this context is a private matter and is why Shamwari to wishes to proceed

1

pseudonymously.

The Order states: "Plaintiffs' claim that they would be subject to prejudice from the target industry is speculative," Order at 3, and adds: "Plaintiffs contend that because members of the target profession—the licensed practice of psychology—'jealously regard the monopoly they have,' Plaintiffs 'would likely face prejudice or refusal of treatment,' if they were to seek treatment from a licensed professional. But this contention is conclusory and unsupported by any specific facts." *Id.*, quoting Motion at 2. First, Plaintiffs' concerns are clearly legitimate. Second, it would not be possible to obtain evidence from a licensed professional whose identity could not be currently known to Plaintiffs. Third, if Plaintiffs' concerns were realized, the damage could be irreparable, as it would be no answer to say that a Plaintiff who is refused treatment by the licensed professional of his choice could necessarily obtain equally effective treatment from a different licensed professional. Fourth, a licensed professional might treat a Plaintiff yet still be prejudiced against him and be less committed to his well-being, and such Plaintiff would thereby be harmed and would likely not even know that he is receiving sub-optimal treatment.

The Order, still addressing Plaintiffs' concerns regarding treatment by a licensed professional, states: "[m]oreover, evidence of embarrassment or social stigmatization or economic harm does not generally warrant granting a plaintiff anonymity, particularly when Plaintiffs here do not provide any factual support for fearing such harm." Order at 3. However, Plaintiffs' point did not concern these types of harms (indeed, Plaintiffs never even mentioned economic harm).

In response to Plaintiffs' statement that "[t]here is no reason to believe that Defendant would be prejudiced by allowing Plaintiffs to proceed pseudonymously," Motion at 2, the Order states: "the sixth factor does not weigh in favor of Plaintiffs, because Plaintiffs merely provide a conclusory statement." Order at 3. Thus, the Order would essentially require Plaintiffs to prove a negative. Moreover, Defendant would not only be able to learn of Plaintiffs' identities, but would also be free

to move for the rescission of their right to proceed pseudonymously, in which event Defendant would have the opportunity to show how she would be prejudiced if Plaintiffs were to continue proceeding pseudonymously.

The Order states: "because the action was initiated on May 1, 2026, and the Complaint was filed with Plaintiffs' pseudonyms, the seventh factor is not relevant here and does not weigh in Plaintiffs' favor." Order at 4. On the contrary, the fact that Plaintiffs' identities have not yet become known clearly favors the seventh factor, *i.e.*, "whether the plaintiff's identity has thus far been kept confidential." Motion at 3. This factor would *not* favor pseudonymity, or not as strongly, if Plaintiffs' identities *had* already become known, as, in such event, the purpose of proceeding pseudonymously would naturally be undermined.

The Order states: "[t]he public has a significant interest in learning the details of free[-]speech cases, particularly as they relate to professions that require licensure. The medical [sic (licensed?)] practice of psychology is a serious matter." Order at 4. First, the details at issue, *i.e.*, the identities of Plaintiffs, do not fall within that "significant interest." Second, the Order does not explain why the public has an interest in free-speech-case details "particularly as they relate to professions that require licensure"; but, again, those details do not include Plaintiffs' identities in any event. Moreover, the Order does not address Plaintiffs' statement that, "[b]ecause the issues that this action raises are purely legal, there is an atypically weak public interest in knowing the plaintiffs' identities." Motion at 3.

The Order states: "Plaintiffs merely state that the public's interest in this action does 'not depend upon the public's knowledge of the identity of Plaintiffs.' Plaintiffs have not asserted any grounds by which this dependence does not exist and, further, affirm the public's interest in knowing the details of the issues raised in this action." Order at 4, quoting Motion at 3. Again, the Order would essentially require Plaintiffs to prove a negative. Furthermore, the Order does not explain why

3

the public has an "interest in knowing" Plaintiffs' identities.

The Order states that, "Plaintiffs have not sought any form of protective order, which they can," Order at 4, and that, "Plaintiffs' allegation that 'there do not appear to be any alternative mechanisms' . . . to protect Plaintiffs' confidentiality. . . . is incorrect and conclusory." *Id.* at 5, quoting Motion at 3. However, the ability of Plaintiffs to keep, as confidential, information other than their identities is not at issue, as the harms that they assert are based solely upon the disclosure of their identities. Second, the confidentiality of Plaintiffs' identities requires that they be permitted to proceed pseudonymously, as such confidentiality would not be achieved through a protective order.

## **CONCLUSION**

Plaintiffs should not be forced, given the circumstances of this case, to choose between disclosing their identities and refraining from exercising their First Amendment rights. Defendant may request that this Court require Plaintiffs to publicly disclose their identities. Until such time, Plaintiffs should be permitted to proceed pseudonymously.

Dated: May 15, 2026

Respectfully submitted,

   s/ *Todd C. Bank*
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiffs*

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)

I hereby certify that this memorandum of law contains 1,024 words.

Dated: May 15, 2026

*s/ Todd C. Bank*
Todd C. Bank