UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SHAMWARI and SHAMWARI 2,                                                 :
                                                                        :
                            Plaintiffs,                                 :
                                                                        :
            -v-                                                         :        26 Civ. 3926 (JPC)
                                                                        :
LETITIA JAMES, *in her official capacity as the Attorney*  :            OPINION AND ORDER
*General of the State of New York*,                                     :
                                                                        :
                            Defendant.                                  :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiffs initiated this action against Letitia James, the New York Attorney General, under the aliases "Shamwari" and "Shamwari 2,"[1] challenging New York's laws regulating the practice of psychology, and subsequently filed a motion to proceed anonymously. After the undersigned referred this case to the Honorable Katharine H. Parker for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, Judge Parker issued an Opinion and Order denying Plaintiffs' motion to proceed under pseudonyms. Plaintiffs then objected to Judge Parker's decision and moved for a temporary restraining order ("TRO") to enjoin the enforcement of the challenged laws. For the reasons that follow, Plaintiffs' objections to Judge Parker's decision are overruled and Plaintiffs' request for a TRO is denied.

## I. Background

On May 1, 2026, Plaintiffs commenced this action in the Eastern District of New York against James in her official capacity by filing a Complaint under the pseudonyms "Shamwari"

---

[1] Plaintiffs do not explain why they used these aliases, but the term "shamwari" appears to mean "friend" in the Shona language. *See* https://shonadictionary.com/word/shamwari.

and "Shamwari 2." Dkt. 1 ("Complaint").[2] While Plaintiffs' allegations are somewhat difficult to understand, Shamwari purportedly wishes to assist Shamwari 2 by "engag[ing] in: (i) psychological testing; (ii)[] neuropsychological testing; (iii) counseling; (iv) psychoanalysis; (v) psychotherapy; (vi) the diagnosis and treatment of any mental, nervous, emotional, cognitive, or behavioral disorders, disabilities, ailments or illnesses, alcoholism, substance abuse, disorders of habit or conduct, psychological aspects of physical illness, accident, injury, or disability, or psychological aspects of learning (including learning disorders); and (vi[i]) the use of classification systems." *Id.* ¶ 7. These efforts, according to Plaintiffs, would seek to "(i) lessen or eliminate symptomatic, maladaptive, or undesired behaviors of Shamwari 2; (ii) enhance Shamwari 2's interpersonal relationships; (iii) enhance Shamwari 2's personal effectiveness; (iv) enable Shamwari 2 to make work and life adjustments; and (v) enable Shamwari 2 to improve his behavioral and mental health." *Id.* ¶ 6.

Shamwari, however, is not licensed to practice psychology in New York, pursuant to Title 8, Article 153, Sections 7601 and 7601-A of the New York Education Law. Compl. ¶¶ 10-13. And, according to Plaintiffs, "[e]ngagement, by a person who is neither licensed nor otherwise authorized under Article 153, in the type of speech that [Shamwari's purported desired counseling of Shamwari 2] constitutes is a Class E felony under [New York] Education Law Section 6512(1)." *Id.* ¶ 14. Plaintiffs allege that "Shamwari fears that, absent the relief requested herein, he would be prosecuted if he were to" counsel Shamwari 2 in the matter outlined above. *Id.* ¶ 17. Plaintiffs allege that Sections 6512, 7601, and 7601-A, by collectively authorizing only licensed individuals to practice psychology and to use the title "psychologist" and criminalizing the unauthorized

---

[2] Although the original Complaint was filed in the Eastern District of New York, that pleading's caption reflected that it was being filed in the Southern District of New York. Complaint at 1.

practice of psychology in New York, violate the First and Fifth Amendments of the United States Constitution.  *See generally id.* at 5-9.

On May 5, 2026, Plaintiffs moved to transfer this case to the Southern District of New York, Dkt. 5, and after such request was granted, Dkt. 8, the case was assigned to the undersigned on May 12, 2026, *see* Docket Entry for May 12, 2026.  That same day, Plaintiffs moved to proceed anonymously.  Dkt. 11 ("Pseudonym Motion").  On May 12, 2026, the Court also referred this case to Judge Parker for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, Dkt. 12, and the next day, Judge Parker denied Plaintiffs' anonymity motion, Dkt. 14 ("Order").  Instead of thereafter re-filing the Complaint under their true identities, Plaintiffs submitted objections to Judge Parker's decision on May 15, 2026.  Dkt. 16 ("Objections").  Then, on June 3, 2026, Plaintiffs moved for a TRO against James to enjoin the enforcement of Sections 6512, 7601, and 7601-A.  Dkt. 17 ("TRO Motion").

## II.  Discussion

### A.    Objections to Pseudonym Decision

The Court overrules Plaintiffs' objections to Judge Parker's denial of their motion to proceed anonymously.  Under Federal Rule of Civil Procedure 72(a), this Court must "modify or set aside any part" of a magistrate judge's nondispositive order "that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A magistrate[ judge]'s ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed."  *Thai Lao Lignite Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (cleaned up).

As Judge Parker explained, "pseudonyms are the exception and not the rule, and a party seeking to receive the protections of anonymity must make a case rebutting the presumption of

disclosure." Order at 1 (citation modified). Federal Rule of Civil Procedure 10(a) declares that civil complaints "must name all the parties." Fed. R. Civ. P. 10(a). That "seemingly pedestrian" requirement, tucked away in a rule setting forth the "[f]orm of pleadings," in fact "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008); *see Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Though cast in mandatory terms, courts have long applied Rule 10(a) by conducting a "balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff*, 537 F.3d at 189. Under that approach, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* As Judge Parker explained, *see* Order at 1-2, in conducting that balancing, the Second Circuit has "note[d] with approval" the following set of non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-90 (cleaned up). Even under this multi-factor approach, there is a presumption that a plaintiff will proceed under her own name, such that "pseudonyms are the

4

exception and not the rule." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). The burden is therefore on the party seeking anonymity to "make a case rebutting" the presumption in favor of public disclosure. *Id.*

Plaintiffs' objections do not show that Judge Parker balanced their "interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant," *Sealed Plaintiff*, 537 F.3d at 189, in a manner that was clearly erroneous or contrary to law. With regard to the potential harm of disclosure, Plaintiffs argue that "Shamwari's 2 [sic] desire to consult with Shamwari in this context is a private matter" and that they did not need to proffer evidence to support their assertion that they "would likely face prejudice or refusal of treatment" if their identities were disclosed. Objections at 1-2 (internal quotation marks omitted). Judge Parker properly acknowledged that the "practice of psychology . . . can be sensitive," but nonetheless observed that Plaintiffs "do not allege any facts that indicate that the litigation would involve matters of a highly sensitive and personal nature." Order at 2; *see Abdel-Razeq v. Alvarez & Marsal, Inc.,* No. 14 Civ. 5601 (HP), 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests."). Indeed, although an individual's desire to seek psychological counseling may in some circumstances be a sensitive matter warranting anonymity, Plaintiffs have not shown why that is the case as to Shamwari 2. *See Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ("Plaintiffs seeking anonymity must base their allegations . . . on more than just mere speculation." (internal quotation marks omitted)). Moreover, to the extent Plaintiffs are concerned with sensitive information being produced in discovery, such as medical or psychological information for Shamwari 2, "[a] protective order may protect against disclosure

of that information of the most personal and intimate nature." *Doe v. Combs*, No. 24 Civ. 7777 (LJL), 2025 WL 722790, at *4 (S.D.N.Y. Mar. 6, 2025) (internal quotation marks omitted).

Plaintiffs also contend that Judge Parker improperly placed the burden on them to demonstrate that James would not be prejudiced if they proceed anonymously. Objections at 2-3. Not so. In any case where a plaintiff proceeds anonymously, there is likely to be some "potential prejudice to a defendant including difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously." *Doe v. Telemundo Network Grp. LLC*, No. 22 Civ. 7665 (JPC), 2023 WL 6259390, at *5 (S.D.N.Y. Sept. 26, 2023) (internal quotation marks omitted). It therefore was not clearly erroneous or contrary to law for Judge Parker to find that this factor weighed against anonymity where Plaintiffs offered nothing more than "a conclusory statement that '[t]here is no reason to believe that Defendant would be prejudiced by allowing Plaintiffs to proceed anonymously.'" Order at 3-4 (quoting Pseudonym Motion at 3).

Plaintiffs argue that even if their case concerns a matter of public interest, the public interest is not furthered by the disclosure of their identities because this action raises "purely legal" issues. Objections at 3 (internal quotation marks omitted). But this lawsuit presents an as-applied challenge—as opposed to a facial challenge—to Sections 6512, 7601, and 7601-A, so it was not clearly erroneous or contrary to law for Judge Parker to have concluded that this case does not "raise an abstract question of law that affects many similarly situated individuals." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). And even if this factor were to support anonymity, it would not affect the ultimate balance of the *Sealed Plaintiff* factors in favor of disclosure. *Cf.*

Order at 2-5 (finding only one of the ten *Sealed Plaintiff* factors—that Plaintiffs are challenging actions by the State of New York—weighing in favor of anonymity).

Finally, Plaintiffs argue that Judge Parker's Order did not correctly analyze the seventh,[3] ninth, and tenth *Sealed Plaintiff* factors. Objections at 3-4. But a "court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191. And considering her analysis as a whole, Judge Parker did not clearly err or act contrary to law in concluding that Plaintiffs failed to rebut the "constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 189. Plaintiffs have not shown that this case involves matters that are highly sensitive and of a personal nature as to either Plaintiff; Plaintiffs' claims of prejudice from the industry or other harms are entirely speculative; Plaintiffs have not proffered any characteristics, such as their ages, which make them particularly vulnerable to harms from disclosure; non-disclosure would cause potential prejudice to James; the public interest favors disclosure because the case involves significant matters such as the medical practice of psychology and free speech; and while a protective order may not safeguard Plaintiffs from being identified as the parties who brought this lawsuit, it may protect their sensitive information, particularly that of Shamwari 2. Accordingly, Plaintiffs' objections to Judge Parker's Opinion and Order denying their motion to proceed by pseudonyms are overruled.

**B.      Motion for a Temporary Restraining Order**

Plaintiffs' motion for a TRO is denied for two reasons. First, Plaintiffs have not provided James with notice, nor have they satisfied the conditions for *ex parte* issuance of a TRO. Under

---

[3] The Court agrees with Plaintiffs that the seventh *Sealed Plaintiff* factor—whether their identities have thus far been kept confidential—weighs in their favor. *See* Objections at 3. Even so, this factor does not tip the balance of the factors in favor of allowing them to proceed anonymously.

Federal Rule of Civil Procedure 65(b)(1), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Here, Plaintiffs have not given notice to James, and they also have not submitted an affidavit or a verified complaint showing that they will suffer immediate and irreparable injury before James can be heard and have not certified what efforts, if any, were made to provide notice to James.  Plaintiffs do attach to their motion a "Certificate of Notice" which attests that their attorney emailed a copy of their motion to Barbara Underwood, the Solicitor General of New York, and "telephoned" Underwood that such motion would be filed.  TRO Motion at 22.  But these efforts do not constitute service on James.  Under New York law, "[p]ersonal service on a state officer sued solely in an official capacity" must "be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested."  N.Y. C.P.L.R. § 307(2).  Emailing and telephoning Underwood, the Solicitor General, did not provide notice of Plaintiffs' motion to James, the Attorney General.  A TRO therefore may not issue against James.

Second, in addition to Plaintiffs' failure to satisfy Rule 65(b)(1), Plaintiffs do not provide any evidence of a likelihood of irreparable harm in the absence of immediate injunctive relief.  To be sure, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Mahmoud v. Taylor*, 606 U.S. 522, 569 (2025) (citation modified). But here, Plaintiffs have alleged only that, but for New York's purportedly unconstitutional law, Shamwari would seek to provide counseling to Shamwari 2.  Complaint ¶¶ 6-7.  Plaintiffs do not

8

state whether they wish for such counseling to commence imminently, indicate the likelihood that Shamwari would be prosecuted for violating the restriction on counseling, or, ultimately, proffer any evidence whatsoever of the urgency of the relief they seek. They therefore have not shown that they will be denied any First Amendment rights, for any amount of time, in the short period before a motion for a preliminary injunction may be considered. *Cf. Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962) ("The purpose of a temporary restraining order is to preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."). Although district courts can, in some circumstances, rely on allegations in an unverified complaint in issuing emergency relief, Plaintiffs' Complaint lacks the "substantial detail" that may justify reliance on bare allegations alone. *Cf. State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 84 (2d Cir. 2024) (affirming injunction issued in reliance on 159-page complaint).

### III. Conclusion

For the above reasons, Plaintiffs' objections to Judge Parker's decision denying their motion to proceed anonymously are overruled and Plaintiffs' motion for a TRO is denied without prejudice. Before filing any further motion for emergency relief, Plaintiffs must file an Amended Complaint under their true names and serve such Amended Complaint upon James.[4] The Clerk of Court is respectfully directed to close Docket Number 17.

SO ORDERED.

Dated: June 18, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

---

[4] Because Plaintiffs' objections are overruled and their application for a TRO is denied, Plaintiffs' request for a stay of the denial of their pseudonym motion, *see* Dkt. 17 at 1-2, is denied as well.