UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                     :

SHAMWARI and SHAMWARI 2,                :

                          Plaintiffs,        :

            -v-                    :           26 Civ. 3926 (JPC)

                                            :

LETITIA JAMES, *in her official capacity as the Attorney* :     OPINION AND ORDER
*General of the State of New York*,          :

                      Defendant.      :

                                            :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On June 18, 2026, the Court issued an Opinion and Order overruling Plaintiffs' objections to Judge Katharine H. Parker's order denying their motion to proceed by pseudonym and denying their application for a temporary restraining order. Dkt. 18. Plaintiffs now move for reconsideration. Dkt. 19. Their motion is denied.

Motions for reconsideration in this District are governed by Local Civil Rule 6.3, which requires the movant to "set[] forth concisely the matters or controlling decisions which the moving party believes the Court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. The standard for granting reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *see Shrader*, 70 F.3d at 257 ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Plaintiffs' motion for reconsideration falls well short of that standard.  Plaintiffs identify no overlooked controlling legal authority or materials, no clear error in the Court's June 18 Opinion and Order, and no manifest injustice that otherwise would result from that decision.  The Court remains convinced that (1) Plaintiffs did not provide notice of their motion for a temporary restraining order to Defendant Letitia James; (2) Plaintiffs' Complaint lacks the "substantial detail" that may, in some requests for emergency relief, justify reliance on unverified allegations alone, *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 84 (2d Cir. 2024); and (3) Plaintiffs did not show that they would be denied any First Amendment rights in the short period before a motion for a preliminary injunction could be considered, *cf. Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962) ("The purpose of a temporary restraining order is to preserve an existing situation in statu quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.").

The Clerk of Court is respectfully directed to close Docket Number 19.

SO ORDERED.

Dated: June 29, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

2